# U.S. BANKRUPTCY COURT
## District of South Carolina

Case Number: **10-01729-dd**

### ORDER ON TRUSTEE'S REQUEST FOR AUTHORIZATION TO DISBURSE FUNDS

The relief set forth on the following pages, for a total of 4 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**09/23/2011**



_____
David R. Duncan
US Bankruptcy Judge
District of South Carolina

Entered: 09/26/2011

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Sharon Lynn Norris,<br><br>Debtor. | C/A No. 10-01729-DD<br><br>Chapter 13<br><br>**ORDER ON TRUSTEE'S REQUEST FOR AUTHORIZATION TO DISBURSE FUNDS** |

This matter is before the Court on a Motion to Dismiss and Request for Authorization to Disburse Funds ("Request") filed by Joy Goodwin, the chapter 13 trustee ("Trustee") for Sharon Lynn Norris's ("Debtor") chapter 13 case. Trustee's Request was filed August 30, 2011. Charles Robert Fitzgerald, Debtor's ex-boyfriend, filed an Objection to Trustee's Request on September 12, 2011. A hearing was held on September 19, 2011. At the conclusion of the hearing, the Court dismissed Debtor's case and took the matter of fund disbursement under advisement. The Court now authorizes Trustee to distribute the funds she is currently holding in trust to Debtor's creditors.

Prior to the filing of Debtor's chapter 13 case, Debtor and Mr. Fitzgerald lived together, and both parties filed separate chapter 13 cases. Subsequently, the home in which they lived burned, and Debtor received insurance proceeds. The insurance policy on the home was in Debtor's name only, and Mr. Fitzgerald was not listed as a loss payee on the policy. The insurance proceeds checks were issued in Debtor's name only. All but $26,000 of the insurance proceeds received by Debtor were spent. Mr. Fitzgerald claims an interest in a portion of the proceeds based on the fact that he had belongings in the home which were destroyed in the fire. Mr. Fitzgerald listed $1,725.00 worth of household goods, books and pictures, clothing, firearms, and jewelry on his Schedule B in his bankruptcy case, but Mr. Fitzgerald claims in his Objection that the amount of the proceeds he is owed as a result of his property loss from the fire is

$22,562.26.  No other evidence of replacement value was presented to the Court in connection with the insurance proceeds, except a copy of the claim Debtor submitted to the insurance company, which itemized the property lost and provided Mr. Fitzgerald's opinion as to the value of his lost property.

The issues relating to the funds currently held in trust by Trustee first came before this Court at a hearing on an Application for Settlement on April 11, 2011.  At that hearing, the Court denied the Application for Settlement but, based on the consent of all parties, ordered the $26,000 to be transferred to Trustee's trust account where it would be held until a determination regarding its distribution was made.  At that hearing, Mr. Fitzgerald's counsel indicated that he would file an adversary proceeding in Mr. Fitzgerald's case to determine the extent of Mr. Fitzgerald's interest in the insurance proceeds.  No such adversary proceeding has ever been filed.

On April 21, 2011, Trustee filed a Motion to Modify Plan.  The proposed modification included Debtor making a lump sum payment of $26,000 to her creditors, using the funds held in Trustee's trust account.  Debtor filed a Response to Trustee's Motion to Modify Plan.  Mr. Fitzgerald did not respond.  A hearing was held on the Motion to Modify Plan on July 18, 2011, at which Trustee and Debtor announced they had reached an agreement.  Mr. Fitzgerald appeared at the hearing and indicated that he objected, but admitted that he had received notice of Trustee's Motion to Modify Plan yet did not file a formal objection.  At that hearing, the Court approved Trustee and Debtor's agreement, and a consent order resolving the Motion to Modify Plan was entered July 18, 2011.

Mr. Fitzgerald now objects to Trustee's proposed distribution of the $26,000 to Debtor's creditors.  However, he has not proven his claimed interest in the insurance proceeds, despite

numerous opportunities to do so. Mr. Fitzgerald did not file an adversary proceeding as he indicated he planned to do, nor did he file a written objection to Trustee's Motion to Modify plan. He also did not appeal any of the Court's orders relating to the funds. Debtor's creditors now expect payment as a result of the resolution of the fund distribution matter, and Mr. Fitzgerald cannot now, after essentially acquiescing throughout the course of resolving this matter, assert his claim to the funds. *See Sullivan v. Educ. Credit Mgmt. Corp.*, No. 1:09-CV-0962, 2009 WL 3448229, at *1, n.2 (M.D. Pa. Oct. 21, 2009) (holding that failure to object to motion to withdraw constituted a waiver of any objection to the motion); *In re McLaughlin*, 244 B.R. 474, 478 (Bankr. M.D. Ala. 2000) (finding that the trustee's final application for compensation, expenses, report of receipts and disbursements was a final order and "[because] no good or sufficient reason for the failure to object was advanced, [the debtor's motion for rehearing and motion to reconsider the court's order approving the trustee's final application] should be denied."); *Perlow v. Perlow*, 128 B.R. 412, 416 (E.D.N.C. 1991) (finding that creditor's claim for equitable distribution was discharged in the debtor's bankruptcy case because she "failed to object to [the debtor's] discharge or request an exception from the stay in a timely manner").[1] By failing to file an adversary proceeding or otherwise protect his own interest prior to the conclusion of this matter, Mr. Fitzgerald has waived his right to now claim an interest in the insurance proceeds. Trustee should disburse the $26,000 to Debtor's creditors.

    AND IT IS SO ORDERED.

---

[1] While these cases are not on point with regard to the situation presently before the Court, taken together these cases stand for the generally accepted proposition that a party should not be allowed to benefit from a failure to timely raise an issue or protect one's interest when given multiple opportunities to do so, by stepping in and making a claim once the adjudication of the matter is nearing its conclusion. *See McLaughlin*, 244 B.R. at 478 (discussing the effect the allowance of a late objection would have on creditors of the estate).