**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Sharon Lynn Norris,<br><br>　　　　　　　　　　　　　　Debtor. | Case No. 10-01729-dd<br><br>CHAPTER 13<br><br>**ORDER ON MOTION TO RECONSIDER** |

　　　　This matter is before the Court on a Motion to Reconsider ("Motion") filed by Charles Robert Fitzgerald on October 6, 2011. Joy Goodwin, the chapter 13 trustee ("Trustee"), filed a Response to the Motion on October 27, 2011. A hearing was held on November 14, 2011. At the conclusion of the hearing, the Court denied Mr. Fitzgerald's Motion. The Court now makes the following Findings of Fact and Conclusions of Law.

## **FINDINGS OF FACT**

　　　　Sharon Lynn Norris ("Debtor") filed her chapter 13 case on March 11, 2010. Prior to and at the time of Debtor's bankruptcy filing, Debtor and Mr. Fitzgerald lived together. There was a fire at the home where Debtor and Mr. Fitzgerald co-habitated, and all belongings were lost. Debtor received insurance proceeds to cover her losses resulting from the fire and spent all but $26,000 of the insurance proceeds.

　　　　Throughout Debtor's bankruptcy case, there has been confusion regarding the proper recipient of the $26,000. On April 11, 2011, this Court ordered that the money be transferred to Trustee's trust account, where it would be held until a further determination regarding how it should be distributed was made. On July 18, 2011, a Consent Order was entered directing that the $26,000 be paid into Debtor's chapter 13 plan. Throughout these proceedings, Mr. Fitzgerald appeared at hearings but did not file any formal objection or adversary proceeding, despite representations that he would do so.

　　　　Mr. Fitzgerald's Motion relates to the Order entered by this Court on September 26, 2011

and amended on September 28, 2011. The July 18 Order required Debtor to file an amended plan which complied with the terms set forth in the Order. However, Debtor failed to do so, and on August 30, 2011, Trustee filed a Motion to Dismiss Debtor's chapter 13 case. The Motion also requested authorization for Trustee to disburse the $26,000 to the estate. Mr. Fitzgerald filed a Response to Trustee's Motion on September 12, 2011, and a hearing was held on September 19, 2011. At the conclusion of the hearing, the Court dismissed Debtor's case. On September 26, the Court issued an Order authorizing Trustee to disburse the funds to Debtor's creditors. That Order was amended on September 28, 2011 to specify that the funds should be distributed to Debtor's unsecured creditors. Mr. Fitzgerald's Motion asks the Court to reconsider that Order.

## **CONCLUSIONS OF LAW**

Mr. Fitzgerald's request for reconsideration is based on Federal Rule of Civil Procedure 60(b)(6). However, the Fourth Circuit has held that "if a post-judgment motion is filed within ten days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978). The Court's Amended Order was entered on September 28, 2011, and Mr. Fitzgerald's Motion was filed on October 6, 2011; thus, the Motion was filed within ten (10) days of the entry of the Court's Order. Under Rule 59(e), there are three grounds for amending a judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Mr. Fitzgerald's case does not fall under any of these three situations. No change in controlling law has occurred, nor is there any new evidence which was not previously available at the time of the

hearing on Trustee's Motion to Dismiss. Additionally, there is no clear error of law or manifest injustice. Mr. Fitzgerald failed to take action to protect his interests until the eleventh hour; he failed to file an adversary proceeding as he indicated he would do, and did not file an objection until Trustee sought to dismiss Debtor's case. Mr. Fitzgerald cannot meet any of the grounds required for amending a judgment under Rule 59(e).

Mr. Fitzgerald is also not entitled to relief under Rule 60(b)(6), the Rule cited in his Motion. Rule 60(b)(6) states, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (6) any other reason that justifies relief." Three threshold requirements must be met before the Court can consider a movant's argument under a specific subsection of Rule 60(b). *Clayton v. Ameriquest Mortgage Co.*, 331 B.R. 238, 241 (M.D.N.C. 2005) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). The movant is required to show: "'[1] that his motion is timely, [2] that he has a meritorious defense to the action, and [3] that the opposing party would not be unfairly prejudiced by having the judgment set aside.'" *Clayton*, 331 B.R. at 241 (quoting *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987)).

Once the three threshold requirements are met, the Court can consider whether the movant has shown that he is entitled to relief under a specific subsection of Rule 60(b). *Clayton*, 331 B.R. at 241. The granting of a motion made pursuant to Rule 60(b)(6), the relevant subsection here, requires a showing of extraordinary circumstances by the movant. *Id.* (quoting *Klapprott v. United States,* 335 U.S. 601, 613 (1949); *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)). Courts have rarely found circumstances sufficiently extraordinary to grant relief under Rule 60(b)(6). *Dynamic Changes Hypnosis Ctr., Inc. v. PCH Holding, LLC*, 306 B.R. 800, 811 (E.D. Va. 2004). "[S]everal cases have held that Rule 60(b)(6) may not be used to

relieve a party from its own failure to protect its interests." *Id.*

Mr. Fitzgerald is not entitled to relief under Rule 60(b)(6). Debtor's unsecured creditors will be unfairly prejudiced if the Court's order is set aside. Debtor's chapter 13 case was filed March 11, 2010, and was dismissed on September 19, 2011. Debtor's plan provided for unsecured creditors to receive only 14 percent, and Debtor's unsecured creditors have received no distribution to date. Debtor's unsecured creditors expected an additional distribution as a result of the Order authorizing Trustee to distribute funds, and because Debtor's case has been dismissed, they will receive no further distribution if the $26,000 of insurance proceeds is not paid to them. It appears that unfair prejudice to Debtor's unsecured creditors will result if Mr. Fitzgerald's Motion is granted; as a result, the threshold requirements for a Rule 60(b) motion are not met.

Mr. Fitzgerald also cannot show extraordinary circumstances. His counsel first indicated that he would file an adversary proceeding in April 2011; however, he did not do so, nor did he file an objection or take other action to protect his rights until September 2011, when Trustee requested dismissal of Debtor's case. While Mr. Fitzgerald's situation is unfortunate, the Court cannot find that extraordinary circumstances exist in this case, when Debtor's case was pending for over a year and Mr. Fitzgerald did nothing to protect his rights until the end of the case. Mr. Fitzgerald should not be allowed to further delay distribution to Debtor's unsecured creditors. He has not proven he is entitled to relief under Rule 59(e) or Rule 60(b)(6). His Motion is denied.

## **CONCLUSION**

For the reasons set forth above, Mr. Fitzgerald's Motion to Reconsider is denied. Trustee may distribute the $26,000 she is currently holding in her trust account to Debtor's unsecured

creditors.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/15/2011**



Entered: 11/15/2011

David R. Duncan
US Bankruptcy Judge
District of South Carolina